**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

1) CHARLOTTE BROWN
2) CHERYL ELLIS,
3) DEANA HANCE,
4) REBECCA JOHNSON,
5) CHRISTA NELSON,
6) DONNA PHELPS,
7) JAMIE PIATT,
8) JAMI PITTS,
9) CAROL STARBUCK,
10) MELISSA WALKUP,
11) JAMIE WALLIN,
individuals

Plaintiffs,

vs.

Case No.

1) LOVE, BEAL AND NIXON
a domestic corporation,
2) WORLD WIDE ASSET PURCHASING
A foreign corporation
3) UNIFUND CCR PARTNERS
A foreign corporation
4)MIDLAND CREDIT MANAGEMENT
A foreign corporation
5) MIDLAND FUNDING LLC
A foreign corporation
6) LVNV FUNDING, LLC
A foreign corporation
7) HARVEST CREDIT MANAGEMENT VII
A foreign corporation
8) CREDIGY RECEIVABLES INC.
A foreign corporation

Defendants.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Charlotte Brown, Cheryl Ellis, Deana Hance, Rebecca Johnson, Christa Nelson, Donna Phelps, Jamie Piatt, Jami Pitts, Carol Starbuck, Melissa Walkup, and Jamie Wallin, for their claims against Defendants Love, Beal & Nixon, P.C., Worldwide Asset Purchasing, Unifund CCR Partners, Harvest Credit Management VII, Midland Funding LLC, LVNV Funding LLC, Credigy Receivable Inc., and Midland Credit Management alleges and states as follows:

## PARTIES

1. All Plaintiffs are individuals domiciled in Oklahoma County, State of Oklahoma, Canadian County, State of Oklahoma, Stephens County, State of Oklahoma, Paine County, State of Oklahoma, Grady County, State of Oklahoma, and Douglas County, State of Nebraska.

2. Love, Beal & Nixon is an Oklahoma Professional Corporation with its principal place of business in Oklahoma City, Oklahoma. Love Beal & Nixon is a law firm engaged in the business of debt collection. Love Beal & Nixon's principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

3. Love Beal & Nixon is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

4. Worldwide Asset Purchasing is a Nevada Limited Liability Corporation. Worldwide Asset Purchasing is a debt collection firm engaged in the business of debt collection. Worldwide Asset Purchasing's principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

5. Worldwide Asset Purchasing is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

6. Unifund CCR Partners is an Ohio General Partnership. Unifund CCR Partners is a debt collection firm engaged in the business of debt collection. Unifund CCR Partners' principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

7. Unifund CCR Partners is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

8. Midland Credit Management is a California Corporation. Midland Credit Management is a debt collection firm engaged in the business of debt collection. Midland Credit Management's principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

9. Midland Credit Management is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

10. Harvest Credit Management VII is a Colorado Limited Liability Corporation. Harvest Credit Management VII is a debt collection firm engaged in the business of debt collection. Harvest Credit Management VII's principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

11. Midland Funding LLC is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

12. Midland Funding LLC is a Surrendered Limited Liability Corporation. Midland Funding LLC is a debt collection firm engaged in the business of debt collection. Midland Funding LLC's principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

13. Midland Funding LLC is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

14. LVNV Funding LLC is a Delaware Limited Liability Corporation. LVNV Funding LLC is a debt collection firm engaged in the business of debt collection. LVNV Funding LLC's principal purpose is the

collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

15. LVNV Funding LLC is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

16. Credigy Receivable Inc., is a Georgia Corporation. Credigy Receivable Inc., is a debt collection firm engaged in the business of debt collection. Credigy Receivable Inc.'s principal purpose is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

17. Credigy Receivable Inc.is a "debt collector" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

18. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337. Venue is proper in that Defendants transact business in the Western District of Oklahoma and the conduct at issue in this action occurred in the aforementioned counties, State of Oklahoma.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

19. All Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and satisfies the definitional

criteria of "debt" as contemplated by the Fair Debt Collections Practices Act, 15 U.S.C. §1692a(5).

20. Sometime thereafter, the debts were consigned, placed or otherwise transferred to one of the Defendants for collection from Plaintiffs. Worldwide Asset Purchasing sued Deana Hance; Unifund CCR Partners sued Donna Phelps, Christa Nelson, and Rebecca Johnson; Harvest Credit Management VII sued Charlotte Brown; Midland Funding LLC sued Cheryl Ellis; LVNV LLC sued Jamie Piatt, Credigy Receivables Inc sued Jami Wallin; and Midland Credit Management sued Carol Starbuck. All Defendants were represented by Love, Beal & Nixon, P.C..

21. Between April 2007, and April 2008, Defendants contacted the respective Plaintiffs numerous times to collect the alleged debts from Plaintiffs, which were communications in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendants initiated actions against each Plaintiff Courts of the following counties in the State of Oklahoma: Stephens, Paine, Grady, Pittsburg, Oklahoma, and McLain.

23. Plaintiffs retained Andrew K. Long and/or A.D. Sanderson of the Law Center of Oklahoma to defend Plaintiffs in the aforementioned litigation.

24. In several cases, Plaintiff filed an answer in the above styled action in which, *inter alia*, Plaintiff requested validation of the debt.

25. In several cases, Plaintiffs requested validation of the debt in pending litigation in an Oklahoma District Court.

26. In each case, Defendant contacted Plaintiffs that it knew or should have known were represented by counsel; and/or Defendant failed to properly validated the alleged debt; and/or Defendant proceeded with litigation without properly validating the alleged debt; and/or Defendant filed litigation in the county in which Plaintiff did not reside; and/or Defendant initiated litigation for the purpose of harassment, abuse, and/or has made false or misleading representations in regard to collection of the debt, and/or has a pattern and practice of filing suits that cannot be proven, and/or filed suit well past the statute of limitations, and/or has fraudulently stated a fictitious date of payment to 'toll' the statute of limitations, and/or ignored contractual provisions regarding arbitration and/or is attempting to collect on a debt discharged in bankruptcy.

**First Cause of Action**
**(Violations of Fair Debt Collections Practices Act for Attempting To Collect a Debt Discharged in Bankruptcy)**

27. Plaintiffs repeat and reallege and incorporate by reference paragraphs one through 26 above.

28. As to Deana Hance, Defendant Love, Beal & Nixon and Defendant Worldwide Asset Purchasing violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f by attempting to collect a debt discharged in bankruptcy.

29. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendant's actions violated the FDCPA, and for Plaintiff's actual damages, statutory damages, and costs and attorney's fees, and such further relief as the Court deems just and equitable.

**Second Cause of Action**
**(Violations of Fair Debt Collections Practices Act for Failing to Properly Validate Debt and Proceeding with Litigation without Validation)**

30. Plaintiffs repeat and reallege and incorporate by reference the foregoing Paragraphs one through twenty-nine.

31. As to Plaintiff Donna Phelps, Defendant Love Beal and Nixon and Defendant Unifund CCR Partners violated 15 U.S.C. § 1692g by failing to cease communications with Plaintiff once Plaintiff disputed the alleged debt.

32. As to Plaintiff Jamie Pitts, Defendant Love, Beal & Nixon violated 15 U.S.C. § 1692g by failing to cease communications with Plaintiff once Plaintiff disputed the alleged debt.

33. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for declaratory judgment that Defendant's actions violated the FDCPA, and for Plaintiff's actual damages, statutory damages, and costs and attorney's fees, and such further relief as the Court deems just and equitable

**Third Cause of Action**
**(Violations of Fair Debt Collections Practices Act for Filing a Case with Improper Venue)**

34. Plaintiffs repeat and reallege and incorporate by reference the foregoing Paragraphs one through thirty-three.

35. As to Plaintiff Melissa Walkup, Defendant Love Beal & Nixon violated 15 U.S.C. § 1692i by failing to bring an action in the county in which the Plaintiff resides.

36. To Plaintiff Jamie Wallin, Defendant Love Beal & Nixon and Defendant Credigy Receivables Inc, violated 15 U.S.C. § 1692i by failing to bring an action in the county in which the Plaintiff resides.

37. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for declaratory judgment that Defendant's actions violated the FDCPA, and for Plaintiff's actual damages, statutory damages, and costs and attorney's fees, and such further relief as the Court deems just and equitable

**Fourth Cause of Action**
**(Violations of Fair Debt Collections Practices Act by**
**Collecting Debts in a Manner Designed to Harass or Abuse)**

38. Plaintiffs repeat and reallege and incorporate by reference the foregoing Paragraphs one through thirty-seven.

36. Defendant's conduct and communications with Plaintiffs in the collection of the debts allegedly owed by Plaintiffs were extreme and outrageous and intended by the Defendant to humiliate, embarrass, scare, and worry the Plaintiff and a violation of 15 U.S.C. § 1692d.

37. As a result of the Defendant's outrageous conduct in the collection of a debt, the Defendant is liable to the Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee, and such further relief as the Court deems just and equitable.

**Fifth Cause of Action**
**(Violations of Fair Debt Collections Practices Act for**
**using False, Deceptive, or Misleading Representations)**

38. Plaintiffs repeat and reallege and incorporate by reference the foregoing Paragraphs one through thirty-seven.

39. Defendants have violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

40. As to all Plaintiff Deana Hance, Defendant Love Beal & Nixon and Defendant Worldwide Asset Purchasing have violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

41. As to all Plaintiff Donna Phelps, Defendant Love Beal & Nixon and Defendant Unifund CCR Partners have violated 15 U.S.C. § 1692e By using false, deceptive, or misleading representations or means in the collection of debts.

42. As to all Plaintiff Charlotte Brown, Defendant Love Beal & Nixon and Defendant Harvest Credit Management VII have violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

43. As to all Plaintiff Jamie Pitss, Defendant Love Beal & Nixon has violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

44. As to all Plaintiff Christa Nelson, Defendant Love Beal & Nixon and Defendant Unifund CCR Partners have violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

45. As to all Plaintiff Rebecca Johnson, Defendant Love Beal & Nixon and Defendant Unifund CCR Partners have violated 15 U.S.C. §

1692e By using false, deceptive, or misleading representations or means in the collection of debts.

46. As to all Plaintiff Carol Starbuck, Defendant Love Beal & Nixon and Defendant Midland Credit Management have has violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

47. As to all Plaintiff Cheryl Ellis, Defendant Love Beal & Nixon and Defendant Midland Funding LLC have violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

48. As to all Plaintiff Jami Piatt, Defendant Love Beal & Nixon and Defendant LVNV LLC have violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

49. As to all Plaintiff Melissa Walkup, Defendant Love Beal & Nixon has violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

50. As to all Plaintiff Jamie Wallin, Defendant Love Beal & Nixon and Defendant Credigy Receivables INC., have violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in the collection of debts.

51. As a result of the Defendant's outrageous conduct in the collection of a debt, the Defendant is liable to the Plaintiff for actual damages, exemplary damages, costs and a reasonable attorney's fee, and such further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, for statutory and actual damages, for attorney fees and costs, and for any other relief the Court deems equitable or just.

Respectfully submitted,

/s/ A.D. Sanderson
A.D. Sanderson, OBA #21705
Law Center of Oklahoma
2914 Epperly Drive
Del City, Oklahoma 73115
(405) 672-9660 Telephone
(405) 672-9710 Facsimile
Sanderson@lawcenterofok.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on the 29TH day of April, 2008, I electronically transmitted the foregoing Amended Complaint to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

None N/A