# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CHARLOTTE BROWN | ) |
| 2) CHERYL ELLIS, | ) |
| 3) DEANA HANCE, | ) |
| 4) REBECCA JOHNSON, | ) |
| 5) CHRISTA NELSON, | ) |
| 6) DONNA PHELPS, | ) |
| 7) JAMIE PIATT, | ) |
| 8) JAMI PITTS, | ) |
| 9) CAROL STARBUCK, | ) |
| 10) MELISSA WALKUP, | ) |
| 11) JAMIE WALLIN, | ) |
|     individuals | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.  5:08-CV-452-C |
| | ) |
| 1) LOVE, BEAL AND NIXON | ) |
| a domestic corporation, | ) |
| 2) WORLD WIDE ASSET PURCHASING | ) |
| A foreign corporation | ) |
| 3) UNIFUND CCR PARTNERS | ) |
| A foreign corporation | ) |
| 4) MIDLAND CREDIT MANAGEMENT | ) |
| A foreign corporation | ) |
| 5) MIDLAND FUNDING LLC | ) |
| A foreign corporation | ) |
| 6) LVNV FUNDING, LLC | ) |
| A foreign corporation | ) |
| 7) HARVEST CREDIT MANAGEMENT VII | ) |
| A foreign corporation | ) |
| 8) CREDIGY RECEIVABLES INC. | ) |
| A foreign corporation | ) |
| | ) |
|        Defendants. | ) |
| | ) |

**JURY TRIAL DEMANDED**

## PLAINTIFFS' REPLY TO DEFENDANT HARVERT CREDIT MANAGEMENT'S MOTION TO SEVER AND DISMISS

COMES NOW the Plaintiff, Charlotte Brown, and in response to the Defendant's Motion to Sever and Dismiss, states and advises as follows:

## INTRODUCTION

The Plaintiffs have brought an action against Love, Beal & Nixon, P.C. (LBN) and Harvest Credit Management (HCM) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter FDCPA) specifically under the prominent theory that HCM is vicariously liable for and violations of LBN.[1] Plaintiffs' Complaint clearly articulates specific violations, with one or more specific violation enumerated as to the appropriate Plaintiff in regard to specific violations by each Defendant. Facts are sufficiently pled so as to give Defendants notice of the violations alleged by Plaintiffs; furthermore, the Complaint is concisely divided by specific violations, supplemented by specific violations as to each Plaintiff and Defendant.

Plaintiffs' Complaint alleges distinct violations of one federal law as to one or more defendant. Judicial economy and fairness are the basis for the filing of one lawsuit by Plaintiffs. Plaintiffs have alleged several distinct violations of 15 U.S.C. § 1692 with many Plaintiffs articulating specific violations of more than

---

[1] See *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162  (9th Cir. 2007)

one provision of said statute. To sever the Plaintiffs and their claims would require the adjudication of eleven separate lawsuits over identical claims. Severance of Plaintiffs would be a waste of judicial resources and would prejudice the Plaintiffs. The resulting separate litigation could also create a litany of conflicting judicial determinations. To sever as to defendants would require the litigating of the same claim in separate suits.

The various claims of Plaintiffs clearly arose under the same series of transactions. Each Plaintiff was sued by Defendant LBN. Defendant LBN violated 15 U.S.C. § 1692 in the course of litigation in Oklahoma county district courts. Defendant HCM is vicariously liable for said violations and for any other violations of the FDCPA HMC itself committed. The violations alleged by Plaintiffs are grounded in the exact same fact pattern. All violations arose from Defendant LBN's, as representatives of each named third-party debt collectors as Defendants, debt collection activities. All violations arose prior to or during litigation initiated by Defendant LBN and Defendant HCM. Defendant LBN has displayed a clear pattern of behavior which is best exemplified when viewed in light of the totality of Plaintiffs' claims.

## ARGUMENT AND AUTHORITY

Permissive joinder is allowed where Plaintiffs claim a right to relief arising from a series of transactions and where there is a common question of fact or law common to all. Here, Plaintiffs are seeking relief under only one federal statute,

15 U.S.C. § 1692; thereby satisfying the second requirement of Fed. R. Civ. P. 20(a).

"The American adversary system of litigation reposes great discretion in the plaintiff to structure litigation. *Moore's Federal Practice, § 19.02[1]* (Matthew Bender 3d ed.)" *City Of Elk City and Elk City Public Works Authority v. Beckam County Rural Water District No. 3,* 2006 U.S. Dist. LEXIS 27947**,** No. CIV-06-0035-F (W.D. Okla., April 26, 2006)**.** As to the first requirement of Fed. R. Civ. P. 20(a), Plaintiffs are entitled to permissive joinder in the above styled action as all claims against Defendants arise from the same series of transactions. All Plaintiffs were subjected to wrongful debt collection practices by Defendant LBN and/or the respective third-party debt collector Defendant. Furthermore, Defendant LBN's violations of 15 U.S.C. § 1692 arose from identical litigation initiated against Plaintiffs in Oklahoma county district courts. Defendant LBN's violations of 15 U.S.C. § 1692 are repeated from one Plaintiff to another and exhibited by identical behavior as to separate Plaintiffs. Defendant HCM is vicariously liable for said violations and liable for their own violations of the FDCPA.

"The purpose of *Rule 20* is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *See,* 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1652 (3d ed. 2001)." *DIRECTV, Inc., v. Hurst,* 2004 U.S. Dist. LEXIS 19564, No. CIV-03-

4

0674-F (W.D. Okla., August 8, 2004). Severance of Plaintiffs' claims would result in eleven separate lawsuits; claims which allege only distinct violations of the same federal statute.

Commonly, courts have applied the Fed. R. Civ. P. 13(a) "logical relationship" standard: "All 'logically stated' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. General Motors Corporation, 497 F.2d 1330, 1333 (8th Cir. 1974)* (quoting 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1653). *DIRECTV, supra* at 4. "The Supreme Court and the Sixth Circuit have permitted plaintiffs to join their claims against a common defendant when the defendant has allegedly engaged in a "pattern or practice" of discrimination or wrongful conduct." *Scott v. Fairbanks Capital Corp.,* 284 F.Supp. 2d 880, (S.D. Ohio 2003). Here, Defendant LBN routinely violated 15 U.S.C. § 1692 in debt collection practices which include litigation in Oklahoma county district courts. The "pattern or practice" is best exemplified by the combination of Plaintiffs' claims. Defendant LBN's conduct violated specific provisions of 15 U.S.C. § 1692 as laid out in Plaintiffs' Complaint. Four of the categories of violations were routinely repeated as to separate and individual Plaintiffs. Defendant HCM is vicariously liable for said violations.

In a case directly on point, *Scott v. Fairbanks Capital Corp.,* 284 F.Supp. 2d 880, (S.D. Ohio 2003), Plaintiffs were allowed to be permissibly joined in a

fact pattern substantially similar to the above styled action. In *Scott*, two plaintiffs were in litigation against a lender for violations of 15 U.S.C. § 1692, *inter alia*, that occurred during foreclosure proceedings. Both plaintiffs were subjected to the same wrongful practices, as alleged in the case at hand; both plaintiffs were suing under the same federal statute, as alleged in the case at hand and under the same statute at hand; and both plaintiffs defended themselves against the same plaintiff in transactions which gave rise to the action, again as in the case at hand. In *Scott*, the court determined that Plaintiffs' transactions were sufficiently similar to be viewed as a series of transactions by Defendant. Here, Plaintiffs' claim are sufficiently similar, and in some instances, identical; satisfying the requirement that the claim for relief arise out of the same series of transactions.

Vicariously liability has been recognized as actionable under the FDCPA, *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2007). "We must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken," *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994). In *Fox*, an attorney filed a suit utilizing improper venue on behalf of a debt collection client. The Court articulated the foundation for this decision by stating "the FDCPA initially contained an all-purpose attorney exemption. If we were to conclude . . . that debt collectors are shielded from liability for venue violations whenever a legal action is filed by an attorney, we

would have to decide that section 1692i was superfluous as originally enacted," *Id. 23.* "[I]t is established that, under the FDCPA, a debt collector may be found vicariously liable for the conduct of its attorney." *Newman v. Checkrite Cal.,* 912 F. Supp. 1354 (E.D. Ca. 1995).[2]

"[T]here are cases supporting the notion that an entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf," *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000). "Federal courts that have considered the issue have held that the client of an attorney who is a 'debt collector,' as defined in § 1692a(6), is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute. Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6)," *Id 64* citing *First Interstate Bank of Fort Collins v. Soucie*, 924 P.2d 1200, 1202 (Colo. Ct. App. 1996). The United States Court for the Seventh Circuit supported the decision articulating the rule determined in *Pollice,* whereby a third-party

---

[2] *See* also *Martinez v. Albuquerque Collection Serv*s., 867 F. Supp. 1495 (D.N.M. 1994); and see 17 Am.Jur.2d Consumer Protection § 200 (1990). [19] The fact that an attorney may act as an independent contractor does not require a different result. Under general rules of agency, one who contracts to act on behalf of another and is subject the other's control, may be both an agent and an independent contractor. See Restatement of Agency Second §§ 2, 14N; *Harby v. Saadeh*, 816 F.2d 436, 439 (9th Cir. 1987). Accordingly, employers may be liable for the acts of independent contractors when an agency relationship is demonstrated. See *Sugimoto v. Exportadora de Sal, S.A. de C.V.*, 19 F.3d 1309, 1311-12 (9th Cir. 1994), cert. denied, 130 L. Ed. 2d 496, 115 S. Ct. 581 (1994). It has generally been said that an attorney is an agent even if employed for a single transaction and as an independent contractor. See Restatement (Second) of Agency § 1.

debt collector is liable for the acts of its attorneys, *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000).

In contemplating a motion to dismiss for failure to state a claim upon which relief can be granted, courts have utilized the Federal Trade Commission Act cases' least sophisticated consumer standard as described by the Court in *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985).

> The law was not "made for the protection of experts, but for the public – that vast multitude which includes the ignorant, the unthinking, and the credulous," *Florence Mfg. Co. v. J.C. Dowd & Co.*, 2 Cir., 178 F. 73, 75[(1910)]; and the "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, or take away its power to deceive others less experienced." *Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116 [58 S.Ct. 113, 115, 82 L.Ed. 141 (1937)].

Courts have applied the least sophisticated consumer standard to the summary judgment decision, when facts were not disputed. *Beatie v. D. M. Collections, Inc.*, 764 F. Supp. 393, 392 (D. Del. 1991); *Cravey v. Credit Rating Bureau, Inc.*, 1991 U.S. Dist. LEXIS 21812 (N.D. Ga. Oct. 24, 1991). Courts have denied debt collector's motions to dismiss because the FDCPA complaint merely needed to plead violations that would meet the "least sophisticated consumer" standard. *Kimber v. Federal Financial Corp.*, 668 F. Supp 1480, 1487 (M.D. Ala. 1987); *U.S. v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370, 375 (N.D. Tex. 1986),

*aff'd on other grounds*, 823 F.2d 880 (5th Cir. 1987). Plaintiff has met this burden in the above styled action.

Authority for the joinder can be found in *Arnold, et al., v. Love, Beal & - Nixon, P.C.*, NO CIV-07-1273-HE (W.D. Okla., Feb. 26, 2008). In *Arnold,* the Court stated "[W]here the defendant has made only general, conclusory assertions of prejudice and where the claims are reasonably related, the court concludes that permitting the plaintiffs to be joined in a single proceeding will promote judicial economy rather than result in prejudice, expense or delay, and is permissible under Rule 20." *Id. 3,*[see exhibit A.] The ONLY factual difference between the above styled action and *Arnold* is the additional joinder of third-party defendants who are vicariously liable for the violations of Defendant LBN.

<u>CONCLUSION</u>

Debt collection activities, including litigation, inherently involve actions against individuals specific to particular debts and debtors. Defendant LBN's actions, while tailored to the collection of individual debts, repeatedly display a pattern of flagrant disregard toward the protections afforded by 15 U.S.C. § 1692. The pattern of violations by Defendant of 15 U.S.C. § 1692 is demonstrated throughout Plaintiffs' Complaint.

The sufficient nexus of commonality required for permissive joinder has been established by the facts pled in Plaintiffs' Complaint and the aforementioned Response. Defendant LBN contacted Plaintiffs that it knew or

should have known were represented by counsel; and/or Defendant LBN failed to properly validated the alleged debt; and/or Defendant LBN proceeded with litigation without properly validating the alleged debt; and/or Defendant LBN filed litigation in the county in which Plaintiff did not reside; and/or Defendant LBN initiated litigation for the purpose of harassment, abuse, and/or has made false or misleading representations in regard to collection of the debt, and/or has a pattern and practice of filing suits that cannot be proven, and/or filed suit well past the statute of limitations, and/or has fraudulently stated a fictitious date of payment to 'toll' the statute of limitations, and/or ignored contractual provisions regarding arbitration and/or is attempting to collect on a debt discharged in bankruptcy. The aforementioned violations are not an exhaustive enumeration of Defendant LBN's violations but rather an illustration of the pattern of behavior exhibited by Defendant LBN in their debt collection activities. Defendant HCM is vicariously liable to Plaintiff Charlotte Brown for the violations of the FDCPA committed by Defendant LBN.

Permissive joinder is appropriate in the above styled action as it both affords judicial economy and is the best possible way to effectively administer justice. The requirements articulated in Fed. R. Civ. P. 20(a) are met as all Plaintiffs are asserting claims that arose from a series of transactions and all claims arise under one federal statute. Plaintiffs have met the pleading requirements and have articulated sufficient facts to support the stated causes of

action. Plaintiffs respectfully requests that this Court deny Defendant's Motion to Sever and Dismiss Claims.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant's Motion to Sever and Dismiss Claims be denied, and for any other relief the Court deems equitable or just.

Respectfully submitted,

_/s/A.D. Sanderson_____

A.D. Sanderson, OBA #21705
Law Center of Oklahoma
2914 Epperly Drive
Del City, Oklahoma 73115
(405) 672-9660 Telephone
(405) 672-9710 Facsimile
Sanderson@lawcenterofok.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on the 10th day of June, 2008, I electronically transmitted the foregoing Response To Defendant's Motion to Sever and Dismiss to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Joseph B. Miner
Little, Miner & Petersen
3035 NW 63rd St.
Suite 200
Oklahoma City, Oklahoma
73116-3606
Telephone: (405) 848-0346
Facsimile: (405) 848-7569
Attorney for Credigy Receivables, Inc.

Nkem Amadi Housworth, Sr
Stephen L. DeGiusti, Esq.
Crowe & Dunlevy
20 North Broadway Avenue
Suite 1800
Oklahoma City OK 73102-8273
Telephone: (405) 235-7700
Facsimile: (405) 539-6651
Attorney for Defendant

Richard M Glasgow
King Law Firm
1141 N Robinson Ave
Suite 300
Oklahoma City, OK 73103
Telephone: (405) 239-6143
Facsimile: (405) 236-3934
Attorney for World Wide Asset Purchsir

James L. Menzer
Mnezer Law Offices PC
211 W Blackwell Ave
Blackwell OK 74631-0818
Telephone: (580) 363-0800
Facimile: (580) 363-0801
Attornys for LVNV Funding, LLC

David Alan Cheek
Cheek & Falcone PLLC
6301 Waterford Blvd, Suite 320
Oklahoma City, OK 73118-1157
Telephone: (405) 286-9191
Facimile: (405) 286-9670
Attorneys for Love, Beal & Nixon

Thomas A Parulo
Nelson Roselius Terry O'Hara & Morton
P O Box 138800
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Facsimile: (405) 705-2573
Attorneys for Unifund CCR Partners

Jon E. Brightmire
Doerner Saunders Daniel & Anderson
320 S Boston Ave, Suite 500
Tulsa, OK 74103-3725
Telephone: (918) 582-1211
Facimile: (918) 591-5362
Attorneys for Midland Credit
Management & Midland Funding, LLC

Amanda Thrash
Doerner Saunders Daniel & Anderson
320 S Boston Ave, Suite 500
Tulsa, OK 74103-3725
Telephone: (918) 582-1211
Facimile: (918) 591-5362
Attorneys for Midland Credit
Management & Midland Funding, LLC